**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | | |
|---|---|---|
| **WILLSON CARBAJAL** | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | **CIVIL ACTION NO. 5:22-cv-00009** |
| **VS.** | § | |
| | § | **JURY DEMANDED** |
| **HOPKINS COUNTY, TEXAS,** | § | |
| **SHERIFF LEWIS TATUM and** | § | |
| **SHERIFF DEPUTIES JOHN DOE** | § | |
| **1-4** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Willson Carbajal, Plaintiff in the above-entitled and numbered cause, and file this, his Original Complaint against the Defendants named above and would respectfully show the Court as follows:

## SUMMARY OF ACTION

1.     Plaintiff brings this action against all defendants for damages which have resulted from his unlawful detention and assault at the hand of at least one deputy of the Hopkins County Sheriff's Office. While offering no resistance, Plaintiff suffered serious bodily injuries which resulted in him being knocked unconscious and thereafter transported to the hospital for emergency treatment.

2.     Plaintiff's injuries were caused by reason of the actions of all Defendants in violating his Fourth and Fourteenth Amendments to the United States Constitution as set forth herein.

## PARTIES

3.    Plaintiff, Willson Carbajal, is a resident of Hopkins County, Texas.

4.    Defendant, Hopkins County, Texas, is a governmental subdivision of the State of Texas and may be served by delivering a copy of this Complaint to Robert Newsom, County Judge at Hopkins County Courthouse, 118 Church St., Sulphur Springs, TX 75482.  Defendant, Sheriff Lewis Tatum may be served by delivering a copy of this Complaint to him at his office at the Hopkins County Sheriff's Department at 298 Rosemont Street, Sulphur Springs, Texas 75482. Plaintiff sues the Defendants in their individual and official capacities.    John Doe Deputies #1-4 will be served as soon as they are identified in discovery. At all times material to this Complaint, all Defendants acted under color of the statutes, customs, ordinances, and usage of Hopkins County, Texas, and the State of Texas.

## JURISDICTION

5.    Jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1343.

## VENUE

6.    All of the acts complained of took place in the Eastern District of Texas and pursuant to 29 U.S.C. §1393(b), suit may be brought in any division in the district.  Therefore, venue is proper.

## FACTS

7.    On June 20, 2021, Willson Carbajal was handcuffed and slammed to the ground in downtown Sulphur Springs by John Doe deputy #1. At the time Carbajal was slammed to the ground he was not resisting arrest or otherwise attempting to avoid detention. Carbajal was unarmed and completely defenseless at the time his head was slammed to the sidewalk by Deputy

John Doe #1. The force used to detain Carbajal was totally unnecessary under the circumstances as he posed no threat to any of the officers on the scene.  The use of force, in this context, was totally unjustified. Carbajal was charged with no crime regarding anything that occurred on June 20, 2021.

8.      As a result of the assault, Carbajal was transported by local EMS which was summoned by the deputies involved. Carbajal suffered serious and debilitating physical and mental injuries as a result of the assault

**FIRST CLAIM FOR RELIEF**

**Unconstitutional Use of Excessive Force 42 U.S.C. § 1983 Violation of 4th Amendment by Defendants, John Doe 1**

9.      Willson Carbajal is entitled to be free and is protected from unlawful seizure of his person by and pursuant to the parameters of the 4th and 14th Amendments to the United States Constitution.

10.      The actions of Defendant Officer John Doe 1 violated Willson Carbajal's protected rights and were an extreme and excessive seizure of  his  person,  without probable cause, were objectively unreasonable based on the totality of circumstances and violated the rights held  by  Willson Carbajal,  to  his  life  and the integrity of his person,  those  rights  fully protected  by  the  4th  and  14th Amendments  to  the United  States Constitution.

11.      The acts of Defendant Officer John Doe 1 that Plaintiff claims were objectively unreasonable are more particularly set for the below:

•      Defendant Officer John Doe # 1 failed to use an objectively reasonable assessment of the facts when he decided to forcibly slam Willson Carbajal to the ground, while Willson Carbajal was not then presenting any objective danger to others or themselves.

•      Defendant Officer John Doe # 1 made a choice to unreasonably use force and this decision to use force did not relate in any way to a proper and conscious assessment of danger

and was objectively unreasonable under the circumstances.

    •    Defendant Officer John Doe # 1 failed to use a degree of force less than the force used when that choice was objectively unreasonable under the circumstances.

Defendant Officer John Doe # 1 knew, or reasonably should have known, that his conduct was below the standard prescribed by law herein, but nonetheless undertook the unreasonable use of force as described.

12.    As a result of the violations of the Constitutional standards set for the herein, Willson Carbajal was treated inhumanely and incurred extreme pain, injury, and demise.

13.    As a result of these Constitutional violations to Willson Carbajal and the injuries he incurred, Plaintiff seeks compensation set forth more specifically in the section of this Complaint entitled "Damages".

## SECOND CLAIM FOR RELIEF

### Failure to Protect 42 U.S.C. §1983 Violation of 4th Amendment by Defendants, Officers John Does 2 - 4

14.    Plaintiff incorporates and adopts by reference all allegations above as though fully set forth herein.

15.    Willson Carbajal was entitled to be free from unlawful seizure of his person pursuant to the parameters of the 4th and 14th Amendments to the United States Constitution and was also entitled to be safe and secure from undue and unreasonable excessive force, John Doe deputies present on the scene failed to protect Willson Carbajal from other deputies.

16.    Defendant Officers John Does 2 – 4 had a constitutional duty to protect Willson Carbajal from the acts and omissions of other deputies, including but not limited to, Defendant Officers John Doe # 1, which violated Willson Carbajal's constitutionally protected rights against excessive force and were objectively unreasonable based on the totality of circumstances.

There existed no objectively reasonable facts that would have supported any belief that Willson Carbajal presented a danger to themselves or others. Defendants violated the requirements of the 4th and 14th Amendments and the rights held by Willson Carbajal, as they related to his life and the integrity and safety of his person and amounted to a failure to protect against an unconstitutional use of force.

17.     In short, Defendant Officers John Does 2 - 4 are liable to plaintiff because their acts and omissions constituted an unreasonable seizure in violation of Carbajal's 4th and 14th amendment rights and violated his substantive due process right to bodily integrity. As a result of these Constitutional violations to Willson Carbajal and the injuries he incurred, Plaintiff seeks compensation set forth more specifically in the section of this Complaint entitled "Damages".

### THIRD CLAIM FOR RELIEF

**Failure to Supervise 42 U.S.C. § 1983 Violation of 4th Amendment**

18.     Plaintiff incorporates and adopts by reference all allegations above as though fully set forth herein.

19.     Willson Carbajal was entitled to be free from unlawful seizure of his person pursuant to the parameters of the 4th and 14th Amendments to the United States Constitution, and was also entitled to be safe and secure from undue and unreasonable excessive force and, as of now, unknown supervisors failed to properly supervise all Defendant Deputies.

20.     Defendants Sheriff Lewis Tatum and the John Doe deputies of Hopkins County Sheriff's Department and Chief Tatum had a constitutional duty to supervise the Officer Defendants, John Does 1 – 4 in order to protect Willson Carbajal from the acts and omissions of these Defendant Officers, which violated Willson Carbajal's constitutionally protected rights against excessive force and were objectively unreasonable based on the totality of circumstances.

There existed no objectively reasonable facts that would have supported any belief that Willson Carbajal presented a danger to himself or others or other facts that would justify the excessive use of force under the circumstances. Defendants violated the requirements of the 4th Amendment and the rights held by Willson Carbajal, as they related to his life and the integrity and safety of his person and amounted to a failure to supervise in a manner to protect against an unconstitutional use of force.

### FOURTH CLAIM FOR RELIEF

*Monell* **Claim 42 U.S.C. § 1983 4th and 14th Amendment Violations**
**Hopkins County/City of Reno Unlawful Policy by Acts of Official Policymakers**

21.     Plaintiff incorporates and adopts by reference all allegations above as though fully set forth herein.

22.     The acts of Defendants alleged in this Petition were endorsed and approved by the Hopkins County and Sheriff Lewis Tatum and the Hopkins County John Doe deputies.

23.     The Sheriff of Hopkins County is an official policymaker and his actions in endorsing the illegal actions of his officers including allowing and endorsing unnecessary uses of lethal force against impaired and/or intoxicated individuals, arrestees and/or detainees under the circumstances herein constitutes official policy of Hopkins County. The endorsement of the actions of subordinate staff creates and enforces an unconstitutional and illegal policy. Chief Tatum is an official policymaker

24.     The policies endorsed by the Hopkins County Sheriff Department policymakers, including Defendant Sheriff Tatum and the Hopkins County John Doe employees includes allowing unnecessary and/or use of excessive force against arrestees and/or detainees under the circumstances herein violates the 4th and 14th Amendment protections held and are unconstitutional per se.

25.     The Sheriff's deputies' use of objectively unreasonable and excessive force as set out is in accordance with Defendant, Hopkins County's policies, procedures, practices, and customs relating to the use of force and the individual agents and officers were following  the policies, procedures, customs and practices of Defendant County's Sheriff's Department and were acting under color  of law.  Defendant, Hopkins County's deficient customs, policies, procedures and practices relating to use of force amount to a conscious  disregard  of,  and deliberate indifference to citizens' rights not to be subjected to unlawful detention and/or use of excessive force. Further, the deficient customs, policies and/or practices are a  direct  and  proximate  cause of  the unlawful  detention  and  use of excessive  force complained  of  herein. Defendants' use of such force was objectively unreasonable and excessive under the circumstances. The deficient actual policies, procedures, practices and/or customs are a producing and proximate cause of the unwarranted use of force complained of herein.

26.     The official policy endorsed and created by  the  Hopkins County policymakers amounted to Constitutional violations to Willson Carbajal resulting in the injuries he incurred. Plaintiff seeks compensation set forth more specifically in the section of this Complaint entitled "Damages".

## FIFTH CLAIM FOR RELIEF

### *Monell* Claim 42 U.S.C. § 1983 4th and 14th Amendment violations-Hopkins County Unofficial Policy, Custom or Practice: Failure to Train

27.     Plaintiff incorporates and adopts by reference all allegations above as though fully set forth herein.

28.     Hopkins County, by and through the Hopkins County Sheriff's Department and Sheriff Lewis Tatum and John Doe employees, has an inadequate policy of training deputies regarding the following areas of law enforcement:

- The management and detention of potential suspects.
- The use of excessive force.

29.    The Hopkins County Sheriff's Department's policy of improper and inadequate training of deputies in the treatment of detainees as well as the proper arrest and detention procedures resulted in the constitutional deprivations and damages alleged herein by Plaintiff.

30.    As a direct cause and result of these Constitutional violations by Hopkins County of Willson Carbajal's rights and the injuries he incurred, Plaintiff seeks compensation set forth more specifically in the section of this Complaint entitled "Damages".

## SIXTH CLAIM FOR RELIEF

### *Monell* Claim 42 U.S.C. § 1983 4th and 14th Amendment Violations-Hopkins County Unlawful Policy, Custom or Practice: Failure to Supervise

31.    Plaintiff incorporates and adopts by reference all allegations above as though fully set forth herein.

32.    Hopkins County, by and through the Hopkins County Sheriff's Department and Sheriff Lewis Tatum and John Doe employees, has an inadequate policy for supervising officers and/or inadequate supervision regarding the following areas of law enforcement:

- The management and detention of potential suspects.
- The use of excessive force.

33.    The Hopkins County Sheriff's Department's policy of improper and inadequate supervision of deputies in the treatment of detainees the proper arrests and detention procedures and the use of excessive force resulted in the constitutional deprivations and damages alleged herein by Plaintiff.

34.    The actions and/or omissions of individual Defendants' supervisors, including those of Sheriff Lewis Tatum and John Doe, policymakers and supervisors and/or other individual Defendants, can be characterized as supervisory encouragement or acquiescence in the use of

excessive force and/or gross negligence amounting to deliberate indifference. This grossly inadequate supervision resulted from and was caused by Defendants' deliberate indifference to the rights of individuals not to be subjected to deprivation of their constitutional rights. Such inadequate supervision was a direct and proximate cause of the injuries to Willson Carbajal.

35.     As a direct cause and result of these Constitutional violations by Hopkins County of Willson Carbajal's rights and the injuries he incurred that resulted, Plaintiff seeks compensation set forth more specifically in the section of this Complaint entitled "Damages".

## XVIII.

## SEVENTH CLAIM FOR RELIEF

*Monell* **Claim 42 U.S.C. § 1983 4th and 14th Amendment Violations-Ratification**

36.     Plaintiff incorporates and adopts by reference all allegations above as though fully set forth herein.

37.     Hopkins County, by and through the Hopkins County Sheriff's Department, Sheriff Lewis Tatum and John Doe employees of the Hopkins County Sheriff's Department were authorized policymakers that approved and/or ratified the conduct of the Defendant deputies in that one or more authorized policymaker(s) for the county approved of the decisions of such deputies and the basis for them, thus making the county responsible for such conduct.

38.     As a direct cause and result of these Constitutional violations by Hopkins County of Willson Carbajal's rights and the injuries that resulted, Plaintiff seeks compensation set forth more specifically in the section of this Complaint entitled "Damages".

## <u>DAMAGES</u>

39.     By reason of the conduct outlined above, Willson Carbajal suffered severe personal injuries, emotional distress, and incurred medical bills in the past and in the future.

The conduct of all of the Defendants has exhibited a callous disregard for the rights and

welfare of Willson Carbajal. This conduct justifies the imposition of punitive damages to act as a deterrent to prevent actions from occurring in the future.

## ATTORNEYS' FEES

40.    Plaintiff, pursuant to 42 U.S.C. § 1988, seeks recovery of all reasonable and necessary attorney's fees incurred in the prosecution of this lawsuit.

## JURY DEMAND

41.    Plaintiff demands a trial by jury of all issues.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein and that upon final trial hereof, Plaintiff has recovered of and from the Defendants, his damages, plus costs of Court, interest at the legal rate, and for such other and further relief, general and special, at law or in equity, to which Plaintiff may show himself to be justly entitled.

Respectfully submitted,

/s/ *William S. Hommel, Jr.*
William S. Hommel, Jr.
State Bar No. 09934250
bhommel@hommelfirm.com
Hommel Law Firm PC
5620 Old Bullard Road, Suite 115
Tyler, Texas 75703
(903) 596-7100 Phone/Facsimile

ATTORNEY FOR PLAINTIFF